IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION
5th

| | |
|---|---|
| ONE-STOP AUTO SALES, INC.,<br>BRADLEY F. PLUMLEE, and<br>JOEDON E. PLUMLEE<br><br>VS.<br><br>LG FUNDING, LLC, YELLOWSTONE CAPITAL, and<br>IOU CENTRAL, INC. | **PLAINTIFFS**<br><br>CV-2016- 288<br><br><br>**DEFENDANTS** |

## COMPLAINT

COMES NOW, Plaintiffs, ONE-STOP AUTO SALES, INC., BRADLEY F. PLUMLEE,

and JOEDON E. PLUMLEE, by and through their attorney at law, PRISCILLA COPELIN-

NEELEY, for their Complaint, states:

### I. PARTIES, JURISDICTION, and VENUE

1.     That this is an action to recover usurious interests pursuant to Breaches of

Contracts, a violation of Article 19 § 13 of the Arkansas Constitution and award damages for

Deceptive Trade Practices, pursuant to Ark. Code Ann. §4-88-101 et seq.  Plaintiff, ONE-STOP

AUTO SALES, INC. (hereinafter referred as One-Stop) is an entity located and conducting

business in Pine Bluff, Jefferson County, Arkansas; Plaintiff, BRADLEY F. PLUMLEE

(hereinafter referred to as Mr. B. Plumlee) is a resident of Red Field, Jefferson County,

Arkansas; and Plaintiff, JOEDON E. PLUMLEE (hereinafter referred to as Mr. J. Plumlee) is a

resident of Star City, Lincoln County, Arkansas. Defendants are all foreign entities, which all

contacted Plaintiffs herein, using the "long arm statute" to conduct and enter into a contractual

relationship for business and transactions, all occurring in Jefferson County, Arkansas.

2.     That premises considered, Plaintiffs pleads this Court has jurisdiction over the

parties and subject matter herein, and venue is proper.

## II.  BACKGROUND

3.      That or about November, 2008, cousins, Mr. B. Plumlee and Mr. J. Plumlee,

began conducting business, as partners, creating ONE-STOP AUTO, where the purpose of said

business was to prepare vehicles.  In 2013, the cousins created ONE-STOP AUTO SALES,

INC., whereby said business obtained a floor plan and began selling vehicles to the general

public.

4.      That Plaintiffs herein utilized "Credit Acceptance" as a lender for customers

whom were interested in purchasing vehicles from One-Stop, with Credit Acceptance advancing

funds from One-Stop's customers to facilitate the purchase of vehicles for the floor plan amount,

previously borrowed by Plaintiffs; then Plaintiffs repay their floor plan lenders, and on some

occasions, there is a profit, while on other occasions, Plaintiffs break even or have a loss.

5.      That on or about August, 2015, Plaintiff, Mr. J. Plumlee received several

soliciting emails, faxes, and telephonic communications from IOU Central, Inc., pertaining to

"quick loans; low APRs; etc."  After consulting with Mr. B. Plumlee, Plaintiffs, One-Stop and

Mr. J. Plumlee, signing a personal guarantee, entered into a contract with IOU Central, Inc., for

$60,000.00, under the understanding that said loan's interest would be 14.99%, for twelve (12)

months, equaling a total amount paid to IOU Central, Inc. from Plaintiffs of $64,200.00, and

paying said amount owed on a daily basis.

6.      That however, after several conversations with IOU, Plaintiffs began to notice the

total sum owed was not decreasing, but instead, after paying nearly $30,000.00 to IOU, the

company advised that "there was no error," and "there were certain fees, costs, penalties (all

hidden) not disclosed to Plaintiffs, in excess of $40,000.00.  In fact, during a recorded

conversation with IOU, an unknown agent or representative acknowledge that fact that IOU was

charging over forty percent (40%) APRR. Herein, Plaintiffs personally guaranteed said loan and a UCC Lien was filed. Attached hereto, marked as Exhibit A, is a copy of the contract between Plaintiffs and IOU.

      7.      That prior to Plaintiff's discovery involving IOU's "hidden interest," Plaintiffs entered into a contract with LG Funding, for $40,000.00, on or about July, 2015. Likewise, LG Funding solicited Plaintiffs through email, telephonic and fax communication to take advantage of their "great loans." Said contract involved Plaintiffs, both personally guaranteeing a loan, and using business and personal collateral, via a UCC Lien, to secure a loan for $40,000.00, with the understanding that LG Funding would receive 12% of One-Stop's sales, per day.

      8.      That however, after week one (1), LG Funding had intercepted $480.00 per day; which in no way reflected 12% of One-Stop's "sales." Mr. B. Plumlee immediately called LG Funding, with a representative advising that "it must have been a mistake," and LG Funding would get the issue resolved. At no time were the intercepted moneys tied to sales; for from week to week, the daily funds ceased from LG Funding were exactly the same. Attached hereto, marked as Exhibit B, and incorporated herein, is a copy of said contract.

      9.      That after Plaintiffs realized the aforementioned Defendants were exhausting all moneys from their business' floor plan, and with the UCC Liens in place, Plaintiffs, desperate to keep the business open and having received soliciting correspondence from Yellowstone Capital, via fax, email, and telephone, entered into two (2) contracts with Yellowstone Capital. On the first (1st) contract, Plaintiffs signed and were approved for $40,000.00; however, after the completion of the contract, Yellowstone Capital advised Plaintiffs that they decided NOT to fulfill said contract, but instead, they were sending new contracts for $25,000.00. Attached hereto, marked as Exhibit C and D, are copies of Contract one (C) and Contract two (D).

10.     That said contract indicated that in exchange for the loan of $25,000.00,

Yellowstone Capital would pay a daily amount of the business' sales; with the $25,000.00

bearing an interest rate of ten percent (10%), totaling an amount owed $36,225.00 to be paid to

Yellowstone Capital from Plaintiffs.

11.     That instead, Yellowstone Capital withdrew $450.00 per day, for approximately

twenty days, causing the interest rate to be usurious.

### III.  CAUSES OF ACTION

12.     That Plaintiffs re-allege each and every paragraph herein for their causes of action

against the named Defendants.

13.     That all Defendants herein attempted to enter into these contracts with Plaintiffs,

which by definition under Arkansas law, were loans and with the interests charged were usurious

under Arkansas law.  Specifically, pursuant to Article 19 § 13(a)(i) of the Arkansas Constitution,

the maximum lawful rate of interest in 2015, when the aforementioned contracts were entered

into, was seventeen percent (17%); the contracts with each Defendant well exceeded seventeen

percent (17%) interests.

14.     That in fact IOU now indicates $77,000.00 is now owed by Plaintiffs, although,

Plaintiffs have paid IOU the sum of $76,459.52, by IOU fraudulently intercepting and seized

funds from One-Stop, breaching the contract between IOU and Plaintiffs.  Thus, IOU

intentionally charged an interest rate exceeding a rate as allowed under Arkansas law, which was

usurious.  Attached hereto, marked as Exhibit D, are copies of One-Stop's bank statements,

which reflect the moneys paid to IOU, and is evidence that IOU was charging an interest, which

was usurious.

15.     That pursuant to Arkansas law, Plaintiffs are entitled to recover twice that amount

of interest paid to Defendant, IOU.

16.     That additionally, IOU breached their contract with Plaintiffs; for the parties entered into a written contract, which both accepted, under the terms and conditions that in exchange for Plaintiffs' business, One-Stop, receiving $60,000.00, IOU was to receive an interest of 14.99% on said $60,000.00; thus creating an exchange of consideration between the parties.

17.     That at the time the contract was entered, the terms and conditions were reasonably certain and agreed to by the parties; however, although Plaintiffs performed and attempted to continue to perform their contractual obligation, due to IOU's actions of not abiding by the terms and conditions as outlined in the contract.

18.     That as a result of IOU's breach; Plaintiffs have undergone financial loss; have suffered a loss of their ability to sale vehicles (for One-Stop's floor plan was decreased); emotional destress and worry; and their credit and ability to negotiate loans has been negatively affected, at the hands of IOU.  Specifically, for example, from September, 2015, until on or about November, 2015, IOU was paid over $10,000.00 from One-Stop; however, it claims only approximately $3,000.00 was paid on principal; causing approximately $7,000.00 to be interest, or causing an interest rate to be 70%.

19.     That the aforementioned damages suffered by Plaintiffs are in excess of an amount which must be plead, in accordance to the Federal Rules of Civil Procedure, and IOU proximately causes the damages herein (which may be jointly and severally owed by the other Defendants herein; but nonetheless, IOU contributed to said damages).

20.     That LG Funding, per the aforementioned contract, contracted with One-Stop, whereby One-Stop would receive $40,000.00 from LG Funding, and in exchange, LG Funding

would receive interests on said moneys at a rate of twelve percent (12%) of One-Stop's sales, which was the consideration between the parties. That Plaintiffs performed, and attempted to perform, their contractual obligations; however, LG Funding breached their contract by charging interest in excess of seventeen percent (17%), which is usurious under Arkansas law. Said interest charged was intentionally charged by LG Funding; thus in accordance to Arkansas law, Plaintiffs are entitled to recover twice the amount of interest paid to LG Funding.

21.     That specifically, in a time span from September, 2015, until November, 2015, LG Funding was paid $28,300.24 on the $40,000.00 loan, and LG Funding indicates over $30,000.00 is still owed; causing the interest for said loan to be over $20,000.00 or causing the interest rate to be above 50% of the loan value.

22.     That additionally, in reference to the aforementioned paragraphs, said breach of contract, damaged Defendants in an amount which exceeds the monetary amount, for pleading purposes, in accordance to the Federal Rules of Civil Procedure.

23.     That as eluted, Plaintiffs' contracted with Yellowstone Capital whereby One-Stop would receive $25,000.00 from Yellowstone Capital, and in exchange, Yellowstone Capital would receive an interest of ten percent (10%) on said loan amount, to be paid daily, based on One-Stop's sales. Attached hereto, marked as Exhibit E, and incorporated herein are copies of One-Stop's bank statements, which reflects the moneys seized and is evidence of the usurious interest rate charged.

24.     That however, Plaintiffs performed their contractual obligation, until it was breached by Yellowstone Capital, when Yellowstone Capital continued to intercept and seize moneys from One-Stop, regardless of whether or not One-Stop had sales; which caused Plaintiffs to pay $10,574.00, in a very small time period to LG Funding, which exceeds the 10% interest

rate agreed upon and is in excess of the usury rate for the State of Arkansas. Attached hereto, marked as Exhibit F, is a copy of One-Stop's bank statements, which reflect moneys seized by Defendant and is evidence of a usurious interest.

25.     That Yellowstone Capital's actions were intentional and usurious.

26.     That further, Yellowstone Capital breached its contract with Plaintiffs, by not performing; thus causing damages to Plaintiffs in excess of an amount which must be plead per the Federal Rules of Civil Procedure (as outlined herein; contributory and jointly and severally with the other Defendants herein).

27.     That in a parallel case, namely, Billy Wright and Amanda Wright v. Lambert and Lambert Investors, Inc., (Desha County Circuit Court No. CV-2011-57-3) the Court found that an identical contract was usurious, rejecting Defendants' arguments that the fees and charges were not interests but were other costs/fees/charges.

28.     That the conduct of the Defendants, although legal in many States, was not legal in Arkansas, and Defendants' action were unconscionable, were false, and were deceptive, as it related to the practice of business, commerce or trade, and therefore in violation of Ark. Code Ann. §4-88-107(a)(10)(Supp,. 2011). Specifically, each Defendant named herein charged and collected invalid interest, debts, and amounts from Plaintiffs, in violation of the Arkansas Constitution.

29.     That as eluted, Plaintiffs have suffered damages, due to Defendants' actions, inasmuch as they paid interest in excess of the constitutional limit, and Defendants' conduct was the proximate cause of this damage. Defendants' actions were a substantial factor in the excessive payments collected from Plaintiffs, and Plaintiffs would not have made the excessive payments but for Defendants' actions.

30.     That finally, Plaintiffs have been damaged, apart from Defendants' violation of the usury laws; for One-Stop's inventory changed from selling approximately $150,000.00-$250,000.00 in volume sales, to approximately $30,000.00 a month in volume sales, due to Plaintiffs' inability to acquire inventory and working capital resources, which were previously available at an affordable rate; they have been unduly stressed; their credit has been negatively affected; their enjoyment and expenditures for living has been compromised; and other damages, sustained, in excess of an amount which must be plead in accordance to the Federal Rules of Civil Procedure.

WHEREOFRE, Plaintiffs pray the Court grants the relief requested herein, which includes relief in an amount more than required for Federal Court jurisdiction in diversity of citizenship cases; for attorney fees and costs; and for any and all other relief for which Plaintiffs may be entitled.

Respectfully submitted,
ONE-STOP AUTO SALES, INC.
BRADLEY F. PLUMLEE
JOEDON E. PLUMLEE

By:

PRISCILLA COPELIN-NEELEY
Attorney at Law, ABN: 05-242
124 North Main Street, Suite B
Dumas, Arkansas 71639
(870) 382-2444
pcneeleylaw@hotmail.com

## **VERIFICATION**

State of Arkansas    )
                     )
County of Drew    )

    I, Brad Plumlee, state upon oath that the statements that I have read the statements

contained in the foregoing document, and they are true and correct to the best of my knowledge

and belief.

                                                 Brad Plumlee

    SUBSCRIBED AND SWORN to before me, a Notary Public, in and for the State of
Arkansas, on this ___28th___ day of ___April___, 2016.

SHERYL McINTYRE
DREW COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires August 25, 2025
Commission No. 12665316

                                     Notary Public

My Commission Expires:

## **VERIFICATION**

State of Arkansas      )
                       )
County of DRew   )


      I, JoeDon Plumlee, state upon oath that the statements that I have read the statements

contained in the foregoing document, and they are true and correct to the best of my knowledge

and belief.

JoeDon Plumlee


      SUBSCRIBED AND SWORN to before me, a Notary Public, in and for the State of
Arkansas, on this  28th  day of  April             , 2016.


> SHERYL McINTYRE
> DREW COUNTY
> NOTARY PUBLIC - ARKANSAS
> My Commission Expires August 25, 2025
> Commission No. 12695316

Notary Public

My Commission Expires: